UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JASON P. BROWN, : Civil No. 08-4489 (NLH)
:
        Plaintiff, :
:
    v. : **MEMORANDUM OPINION & ORDER**
:
HENRY J. SADOWSKI, et al., :
:
        Defendants. :

This matter comes before the Court upon receipt of Plaintiff's second amended complaint, and it appearing that:

1. On September 9, 2008, the Clerk received Plaintiff's original complaint, together with his insufficient in forma pauperis application. See Docket Entry No. 1.

2. On September 25, 2008, the Court denied Plaintiff in forma pauperis status and directed administrative termination of this matter, subject to reopening in the event Plaintiff timely cured the insufficiencies in his in forma pauperis application. See Docket Entry No. 2.

3. On October 22, 2008, Plaintiff submitted his amended complaint, together with another insufficient in forma pauperis application. See Docket Entry No. 3.

4.  The Court, consequently, directed reopening of this matter and, on November 7, 2008, again denied Plaintiff in forma pauperis status, without prejudice, and administratively re-terminated this action.  See Docket Entries Nos. 3 and 4.

5.  On November 14, 2008, the Clerk received another in forma pauperis application from Plaintiff.  See Docket Entry No. 5.  Since this submission was in compliance with the statutory requirements, the Court directed the reopening of this matter and granted Plaintiff in forma pauperis status.  See Docket Entries No. 7 and 9.

6.  Upon screening of Plaintiff's amended complaint, the Court determined that Plaintiff's allegations stated no cognizable constitutional claim.  See Docket Entry No. 8, at 8-12 (determining that Plaintiff had no Eighth Amendment or due process rights in phone or commissary privileges allegedly withheld temporarily from Plaintiff as a result of disciplinary proceedings).  The Court, therefore, dismissed Plaintiff's claims based on loss of the aforesaid privileges; such dismissal was made with prejudice.  See Docket Entry No 9.  The Court, however, granted Plaintiff one final opportunity to amend his pleadings in the event Plaintiff wished to state conditions-of-confinement claims other than those dismissed.  See id.

7.  On March 13, 2009, the Clerk received a letter from Plaintiff. See Docket Entry No. 10. Since the letter indicated that Plaintiff attempted, but did not succeed, in submitting a second amended complaint, the Court concluded that it would be in the interests of justice to allow Plaintiff an extension of time to submit his second amended complaint and, accordingly, issued an order to that effect dated June 1, 2009, which was served upon Plaintiff by certified mail, return receipt requested. See Docket Entries Nos. 11-13.

8.  Plaintiff timely resubmitted his second amended complaint. See Docket Entry No. 14. In his second amended complaint, Plaintiff restated, once again, the very same claims this Court dismissed with prejudice, i.e., Plaintiff reasserted that he was subjected to disciplinary sanctions (in the form of loss of phone and commissary privileges) in violation of Plaintiff's due process and Eighth Amendment rights, and requested compensatory damages in the amount of five million dollars. See id. The second amended complaint contained no other allegations. See id.

9.  As this Court previously held, Plaintiff has no Eighth Amendment or due process rights in visitation, phone or commissary privileges. See Docket Entry No. 8, at 8-12. Since Plaintiff has no constitutional right in having these

privileges, Plaintiff's loss of these privileges cannot amount to a violation of Plaintiff's rights.  See id.  Consequently, these claims were dismissed with prejudice and cannot be re-litigated.

10. Since Plaintiff's second amended complaint states no other allegations except for those already dismissed, the Court will dismiss Plaintiff's second complaint with prejudice: at this juncture, allowing Plaintiff another opportunity to amend his pleadings appears to be futile.[1]

IT IS, therefore, on this 24th  day of    June    , 2009,

ORDERED that Plaintiff's second amended complaint is dismissed with prejudice; and it is further

ORDERED that the Clerk shall serve a copy of this Memorandum Opinion and Order upon Plaintiff by regular U.S. mail; and it is finally

---

[1] Ordinarily, the plaintiff may be granted "leave [to amend,] . . . when justice so requires."  See Foman v. Davis, 371 U.S. 178, 182 (1962); Lorenz v. CSX Corp., 1 F.3d 1406, 1414 [*379] (3d Cir. 1993).  Indeed, "[t]he Federal Rules reject the approach that pleading is a game of skill in which one misstep . . . may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."  Foman, 371 U.S. at 182-83.  However, "[a]llowing leave to amend where 'there is a stark absence of any suggestion by the plaintiffs that they have developed any facts since the action was commenced, which would, if true, cure the defects in the pleadings . . . would frustrate [the court's ability] to screen out lawsuits that have no factual basis.'"  Cal. Pub. Emples'. Ret. Sys. v. Chubb Corp., 394 F.3d 126, 164 (3d Cir. 2004); see Cybershop.com Sec. Litig., 189 F. Supp. 2d 214, 237 (D.N.J. 2002) (observing that procedural safeguards "would be 'meaningless' if judges liberally granted leave to amend on a limitless basis").

4

ORDERED that the Clerk shall close this matter by making a new and separate entry on the docket reading "CIVIL CASE CLOSED."


　　　　　　　　　　　　　　　　　　 /s/ NOEL L. HILLMAN
　　　　　　　　　　　　　　　　　**NOEL L. HILLMAN**
　　　　　　　　　　　　　　　　　**United States District Judge**

At Camden, New Jersey